UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILL BROWN ) | |
| ) | |
| Plaintiff ) | Case Number: 8:12-CV-0500(DNH/RFT) |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| SUNRISE CREDIT SERVICES, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Jill Brown, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.  Plaintiff, Jill Brown, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (õFDCPAö), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices of the New York General Business Law §349.

**II. JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that Plaintiff resides in this District.

### III.  PARTIES

4. Plaintiff, Jill Brown, (hereafter, Plaintiff) is an adult natural person residing in Jay, New York.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Sunrise Credit Services, Inc., (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York with a primary address located at 260 Airport Plaza, Farmingdale, NY 11735.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. For approximately four (4) years, Plaintiff was making agreed upon monthly payments of $117.00 toward school loans with Citibank.

8. In or around June, 2011, Plaintiff was informed by Citibank that her payments needed to be increased to $334.00 per month.

9. Plaintiff could not afford to pay the increased charge however she continued to make her payments of $117.00.

10. In or around July, 2011, Plaintiff received notice that her Citibank account was now in default and being collected by the Defendant.

11. Defendant placed calls to Plaintiff's personal cell phone multiple times a day.

12. Defendant has also placed several calls to the home of Plaintiff's mother.

13. Plaintiff has never received a written notification as required under 15 U.S.C.§1692g.

14. Plaintiff does not reside with her mother and her mother is not obligated to pay the debt..

15. Plaintiff continues to receive automated calls from the Defendant asking her or her attorney to call back immediately implying that legal action has taken place.

16. In or around January, 2012, Defendant sent a fax to Plaintiff's work looking for employment verification and disclosing to third parties that a debt was due by Plaintiff.

17. Defendant's actions resulted in the Plaintiff being reprimanded by her employer.

18. Defendant continued to call Plaintiff's personal cell phone during January and February, 2012, encouraging the Plaintiff to borrow from her retirement fund to pay off her debt.

19. Defendant has tried to manipulate the Plaintiff into taking a personal loan in order to pay off her school loans.

20. Plaintiff informed the Defendant that there was no way she could take a loan.

21. Defendant responded by insisting that the Plaintiff send them a "letter of denial", proving to the Defendant that the Plaintiff even tried to get a loan.

22. Plaintiff continues to receive relentless calls from Defendant demanding payment.

23. As of the filing of this complaint, the Defendant also continues to call Plaintiff's mother looking for the whereabouts of her daughter although they clearly know how to reach the Plaintiff.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once unless requested to do so |
| §§ 1692c(a)(1): | At any unusual time or unusual place or unusual time and place |
| §§ 1692c(a)(3): | At place of employment when it knows the employer prohibits such communication |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureaus concerning a debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

32. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

32. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful

act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

35. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

    **Respectfully submitted,**

    **WARREN LAW GROUP, PC**

Date:  March 19, 2012	BY:  */s/Bruce K. Warren*
Bruce K. Warren, Esquire

Warren Law Group, PC
57 Cooper Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)848-4518
Attorney for Plaintiff